GERALD ALLEN   [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X

MARIA MARRERO, STEPHANIE ROMERO,
FELICIA ROMERO, RAYMOND ROMERO,
and BRIAN SHEPARD,

                        Plaintiffs,

             - against -

CITY OF NEW YORK,
DEPUTY INSPECTOR PHILIP RIVERA, SHIELD UNKNOWN,
SERGEANT CHRISTOPHER PASQUALE, SHIELD 04418,
POLICE OFFICER MICHAEL BALICKI, SHIELD 12193
UNKNOWN POLICE OFFICERS 2-5,
and UNKNOWN DETECTIVES 1-5,

                        Defendants.

-------------------------------------------------------------------------------X

**14-cv-9620 (ALC)**

**AMENDED COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

**PARTIES, JURISDICTION and VENUE**

      1.    Plaintiff, MARIA MARRERO, is a 46 year old Latina-American female, who, at all times relevant to this action, was a resident of New York, Bronx County.

      2.    Plaintiff, STEPHANIE ROMERO, is a 26 year old Latina- American female, who, at all times relevant to this action, was a resident of New York, Bronx County.

      3.    Plaintiff, FELICIA ROMERO, is a 23 year old Latina-American female, who, at all times relevant to this action was a resident of New York, Bronx County. In

addition, she was the mother of a one-year old child.

4.     Plaintiff, RAYMOND ROMERO, is a 21 year old Latino-American male, who, at all times relevant to this action was a resident of New York, Bronx County.

5.     Plaintiff, BRIAN SHEPARD, is a 19 year old African- American male, who, at all times relevant to this action was a resident of New York, Bronx County.

6.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Bronx County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

7.     Upon information and belief, Defendant DEPUTY INSPECTOR PHILIP RIVERA, SHIELD UNKNOWN, was at all relevant times an officer with the NYPD believed to be assigned to and commanding the 41st Precinct.  All actions by RIVERA complained of herein were taken in the course of his employment and under color of law.  RIVERA  is being sued in both his individual and official capacities.

8.     Upon information and belief, Defendant POLICE SERGEANT CHRISTOPHER PASQUALE, SHIELD 04418, was at all relevant times an officer with the NYPD, believed to be assigned to the 41st Precinct.  All actions by PASQUALE complained of herein were taken in the course of his employment and under color of law.  PASQUALE is being sued in both his individual and official capacities.

9.     Upon information and belief, Defendants POLICE OFFICER MICHAEL BALICKI, SHIELD 12193 and UNKNOWN POLICE OFFICERS 2-4, are names of unidentified persons, who at all relevant times were police officers with the NYPD, believed to be assigned to the 41st Precinct or the Emergency Services Unit.  All actions by Defendants BALICKI and UNKNOWN POLICE OFFICERS complained of herein

2

were taken in the course of their employment and under color of law.  BALICKI and UNKNOWN POLICE OFFICERS are being sued in both their individual and official capacities.

10.     Upon information and belief, Defendants UNKNOWN DETECTIVES 1-4, are names of unidentified persons, who at all relevant times were police officers with the NYPD, believed to be assigned to the 41st Precinct or the Emergency Services Unit. All actions by Defendants UNKNOWN DETECTIVES complained of herein were taken in the course of their employment and under color of law.  UNKNOWN DETECTIVES are being sued in both their individual and official capacities.

11.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

12.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

13.     The instant action is commenced within one year and ninety days of the date of accrual of all causes of action Notices of Claim were filed on behalf of all Plaintiffs on November 29, 2013, within ninety days of the events that are the subject of this Complaint. More than 30 days have elapsed since that action and no adjustment of the claim has been made.

## FACTS GIVING RISE TO THE CLAIMS

14.     On September 7, 2013, at approximately 7:00 p.m., all of the Plaintiffs were inside 940 Fox Street, Apartment 5c, Bronx, New York, the home of the Marrero and the Romero plaintiffs. Plaintiff Shepard, along with another person named Luis Torres, was visiting the apartment. In addition, Noah, the one-year old child was inside the apartment.

3

15.     Shortly thereafter, there was a loud knock on the door of the apartment and Defendants demanded entry to the apartment.

16.     Plaintiff Marrero telephoned her attorney and asked what she should do in response to the Defendants' demand to enter her apartment.

17.     She was told by her attorney to request a copy of any search warrant and accordingly conveyed this request to Defendants.

18.     She was told by one of the Defendants that they did not have a search warrant. Despite this fact, over the course of the next few hours, Defendants continued to bang on Plaintiffs' front door and demand entry to the apartment.

19.     At approximately 11:00 p.m. that night it had become clear that Defendants wished to either arrest or interview Luis Torres, who was a guest in Plaintiffs' apartment.

20.     Soon thereafter, Torres spoke to Defendants by cell phone and agreed to leave the apartment. He left the apartment and was taken into custody for an alleged robbery that had occurred one week earlier at a location different from Plaintiffs' apartment.

21.     After Torres had left the apartment, one of the  Defendants attempted to put his foot in the threshold and enter Plaintiffs' apartment, without permission from any Plaintiff. Plaintiff Stephanie Romero then told the officer to remove his foot from inside their apartment and closed the door.

22.     Plaintiffs were then told by Defendants that their apartment "was frozen' and that no person would be allowed to enter or leave it.

23.     From 11:30 p.m until the next evening all of the Plaintiffs were forcibly

held in the apartment. Further, Plaintiffs were permitted to receive only one food delivery during that period and other attempted deliveries were rebuffed by Defendants.

24.     Sometime on the evening of September 8th, more than twenty- four hours from the beginning of the incident, Defendants broke down Plaintiffs' front door, entered the apartment, pointed weapons at their heads and bodies, and placed all of the Plaintiffs in handcuffs.

25.     During the course of this violent entry into Plaintiffs' apartment, Plaintiffs Stephanie and Raymond Romero and Brian Shepard were struck about the body by the Defendants and suffered bodily injury from Defendants excessive and unnecessary actions.

26.     Plaintiffs were held in the apartment for hours as Defendants ransacked the entire apartment: breaking walls, furniture, and a television.

27.     Despite the extent and thoroughness of the ransacking of the apartment, no contraband, evidence, or illegal substance was found inside the apartment.

28.     Despite having found no evidence of anything that could connect Plaintiffs to a crime, each of the handcuffed Plaintiffs was removed from the apartment and taken to the 41st Precinct.

29.     At some point during this incident, Plaintiff Maria Marrero was told by Defendant RIVERA or PASQUALE that none of this would have occurred if she had simply permitted the police to search her apartment.

30.     All of the Plaintiffs were held at the 41st Precinct for an extended period before all had their handcuffs removed and were permitted to return to their apartment. No criminal charges were ever filed against any of Plaintiffs.

31.     In addition, Defendants, after having ransacked Plaintiffs' apartment, informed the Administration for Children's Services (ACS) that based upon the ransacked condition of the apartment  it was a dangerous home situation for Plaintiff Felicia Romero's infant son, Noah.

32.     ACS opened an investigation under Case ID 25672711 into the Marrero/ Romero home and required Plaintiffs Marrero and Felicia Romero to submit to drug tests and to suffer the from the stress of the potential removal of the infant Noah from the home. This situation lasted until late November 2013.

33.     As a result of the incident all Plaintiffs suffered emotional injury and Plaintiffs Stephanie and Raymond Romero and Brian Shepard suffered physical injury.

34.     Upon information and belief, any search warrant that was used to obtain access to Plaintiffs' apartment was obtained by Defendants illegally and unconstitutionally in that Defendants knowingly or recklessly provided inaccurate information to the magistrate.

**FIRST CLAIM**
**(§1983 - FALSE ARREST)**

35.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 34 of the Complaint as if incorporated and reiterated herein.

36.     By arresting Plaintiffs without legal authority, the Individually-named Defendants, individually and acting together, along with the still Unnamed defendants, violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

6

37.     By reason thereof, the Individually-named Defendants and the still unnamed Defendants violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## SECOND CLAIM
### (COMMON LAW - FALSE ARREST)

38.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39.     By arresting Plaintiffs without basis, probable cause or other legal authority, the Individually-named Defendants, acting individually and together, violated Plaintiffs' right to  be free of unlawful detention and arrest.

40.     By reason thereof, Defendants caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

41.     By reason thereof, and because Defendants acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM
### (COMMON LAW - EXCESSIVE FORCE)

42.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

7

43.    By using excessive force in placing Plaintiffs Stephanie Romero, Raymond Romero and Brian Shepard under arrest, Defendants violated Plaintiff's rights. Specifically, the right to be free from the use of excessive force.

44.    By reason thereof, Defendants caused those Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

45.    By reason thereof, and because Defendants acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior.*

## FOURTH CLAIM
### (§1983 - UNCONSTITUTIONAL ENTRY AND SEARCH )

46.    Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 45 of the Complaint as if incorporated and reiterated herein.

47.    By entering the Plaintiffs' home without basis or legal authority, Defendants violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution subject to unlawful intrusions and searches without probable cause by Defendants.

48.    By reason thereof, the Individually-named Defendants violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## FIFTH CLAIM
### (§1983 - EXCESSIVE FORCE)

8

49.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 48 of the Complaint as if incorporated and reiterated herein.

50.     By using excessive force in placing Plaintiffs Stephanie Romero, Raymond Romero and Brian Shepard under arrest, Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law.  Specifically, the right to be free from the use of excessive force under color of law.

51.     By reason thereof, the Individually-named Defendants violated 42 U.S.C. §1983 and caused those Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### SIXTH CLAIM
### (§1983 - ASSAULT)

52.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 51 of the Complaint as if incorporated and reiterated herein.

53.     While acting under color of law, Defendants committed an intentional assault against Plaintiffs without legal cause or justification and in violation of their rights under the  Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

54.     By reason thereof, the Individually-named Defendants violated 42 U.S.C. §1983 and caused  Plaintiffs to suffer physical injuries, emotional distress, mental anguish and the loss of their constitutional rights.

## SEVENTH CLAIM
### (§1983 - FALSE ARREST: IMPRISONMENT IN HOME)

55.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 54 of the Complaint as if incorporated and reiterated herein.

56.     By refusing to allow Plaintiffs to leave the apartment for a period in excess of twenty-four hours without a lawful basis, Defendants falsely arrested Plaintiffs in violation of their rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

57.     By reason thereof, the Individually-named Defendants violated 42 U.S.C. §1983 and caused  Plaintiffs to suffer physical injuries, emotional distress, mental anguish and the loss of their constitutional rights.

## EIGHTH CLAIM
### (STATE CONSTITUTION - UNLAWFUL ENTRY AND SEARCH)

58.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 57 of the Complaint as if incorporated and reiterated herein.

59.     By entering the Plaintiffs' home without basis or legal authority, Plaintiffs were subject to unlawful intrusions and searches without probable cause by Defendants.

60.     By reason thereof, the Individually-named Defendants violated the State Constitution and caused Plaintiffs to suffer physical injuries, emotional distress, mental

anguish, economic damages and the loss of their constitutional rights.

61.     By reason thereof, and because Defendants acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## NINTH CLAIM
### (COMMON LAW - ASSAULT)

62.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 61 of the Complaint as if incorporated and reiterated herein.

63.     Defendants committed an intentional assault on Plaintiffs as they placed them under arrest and violated Plaintiffs' rights to be free from the assaultive conduct.

64.     By reason thereof, the Individually-named Defendants caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

65.     By reason thereof, and because Defendants acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM
### (COMMON LAW - OUTRAGEOUS CONDUCT)

66.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 65 of the Complaint as if incorporated and reiterated herein.

67.     One or more of the Individually-named Defendants, intentionally,

recklessly or with knowing disregard for the truth, falsely reported a dangerous home situation to ACS.

68.     By making this false report, the Defendant or Defendants acted in a shocking and outrageous manner exceeding all reasonable bounds of decency.

69.     As a result thereof, these Defendants caused severe emotional distress to Plaintiffs Marrero and Felicia Romero.

70.     By reason thereof, and because Defendants acted within the scope of their duties as members of the NYPD, Defendant City is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount  to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      On the fifth claim, actual and punitive damages in an amount to be
        determined at trial;

vi)     On the sixth claim, actual and punitive damages in an amount to be
        determined at trial;

vii)    On the seventh claim, actual and punitive damages in an amount to be
        determined at trial;

viii)   On the eighth claim, actual and punitive damages in an amount to be
        determined at trial;

ix)     On the ninth claim, actual and punitive damages in an amount to be
        determined at trial;

x)      On the tenth claim, actual and punitive damages in an amount to be
        determined at trial;

xi)     Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988,
        and costs of this action; and

xii)    Such other relief as the Court deems just and proper.

Dated:      New York, New York
            June 30, 2016

                                    Goldberg & Allen, LLP
                                    Attorneys for Plaintiffs

                        By:         _____
                                    Gerald Allen [GA-0950]
                                    49 West 37th Street, 7th Floor
                                    New York, New York 10018
                                    (212) 766-3366